**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Nyree Sepian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NYREE SEPIAN, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GOYA FOODS, INC.,**<br><br>**Defendant.** | **Case No.:**<br><br>**CLASS ACTION SEEKING STATEWIDE RELIEF**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA"), CAL. CIV. CODE §§ 1750, *ET SEQ.*;**<br>2) **CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*;**<br>3) **CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"), CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*;**<br>4) **BREACH OF EXPRESS WARRANTY;**<br>5) **UNJUST ENRICHMENT;**<br>6) **NEGLIGENT MISREPRESENTATION; AND,**<br>7) **INTENTIONAL MISREPRESENTATION.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.  Plaintiff NYREE SEPIAN ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant GOYA FOODS, INC. ("Defendant" or "Goya") concerning unlawful labeling of Defendant's consumer packaged goods, with the designation and representation that the products are/were of United States origin, without clear and adequate qualification of the foreign ingredients and components contained therein, as required by federal rules and California laws.

2.  The unlawfully represented products are sold via third party merchants' websites and mobile applications (including through Amazon.com ("Amazon"), Walmart.com, and Instacart), in brick-and-mortar stores, as well as on Defendant's website (https://shop.goya.com/).

3.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4.  As stated by the California Supreme Court in *Kwikset v. Superior Court*, 51 Cal. 4th 310, 328-29 (2011):

> **Simply stated: labels matter.** The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source. . .In particular . . . **the 'Made in U.S.A.' label matters**. A range of motivations may fuel this preference, from desire to support domestic jobs or labor conditions, to simply patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent 'Made in America' representations. (Cal. Bus & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations. Of geographic origin)). The

> objective of section 17533.7 'is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and the industries and workers. . .' (emphasis added).

5.    The "Product of USA" claim (or some derivative thereof), an express U.S. origin representation, is printed on Defendant's products including the product purchased by Plaintiff.

6.    Contrary to Defendant's express representations and its failure to clearly and adequately qualify those representations, the product purchased by Plaintiff is substantially and materially composed of indispensable foreign ingredients.

7.    Plaintiff purchased Goya's Yuca Cassava Chips (the "Product"), which is advertised and sold to consumers as a "Product of [the] USA." However, the Product contains foreign-made and/or incorporates foreign-made components and/or ingredients.

8.    Goya's other products [**Exhibit B** filed herewith] (together with the Product, the "Class Products")—also display the same unqualified "Product of USA" representation (or a similar unqualified U.S. origin claim).

9.    Defendant's conduct of advertising and selling deceptively labeled products bearing the representation that such products are of United States origin, without qualification, violates: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (3) California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, *et seq*.; and constitutes (4) breach of express warranty; (5) unjust enrichment; (6) negligent misrepresentation; and (7) intentional misrepresentation.

10.    Such conduct is also in violation of 16 C.F.R. § 323 (Federal Trade Commission 2021) (the "MUSA Rule").

11.    This conduct caused Plaintiff, and other similarly situated consumers, damages, and requires restitution and injunctive relief to remedy and prevent future harm.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), because: (1) there is minimal diversity, including because Plaintiff is a citizen of the State of California and Defendant is a Delaware corporation with its headquarters and principal place of business in New Jersey; (2) the amount in controversy in this matter exceeds $5 million, exclusive of interest and costs; and (3) there are more than one hundred (100) people in the putative class.

13.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14.    Plaintiff is, and at all times mentioned herein was, a natural person, an individual citizen and resident of the County of Los Angeles, State of California, and within this judicial district.

15.    Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Delaware, with a principal place of business within the State of New Jersey located at 350 County Road, Jersey City, New Jersey 07307.

16.    Plaintiff alleges that at all times relevant herein Defendant conducted business within the State of California, in the County of Los Angeles and within this judicial district.

17.    Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant, respectively.

**NATURE OF THE CASE**

18.    Upon information and belief, Goya is a leading U.S. based food company that specializes in Latino cuisine. Established in 1936, Goya offers a range of over 2,500 food products and sells its products on its own website, third party websites including, but not limited to, Amazon, Amigofoods.com as well as retail and grocery stores such as Target, Walmart, Vallarta Supermarkets and elsewhere.

19.    At all times relevant, Defendant has made material misrepresentations regarding the Class Products.

20.    Specifically, Defendant advertised, marketed, promoted and sold the Class Products as a "Product of USA" or some derivative thereof without qualification of foreign ingredients, when in fact that is not true.

21.    Although Defendant represented that its Class Products are a "Product of USA" (or some derivative thereof), Defendant's Class Products are wholly and/or substantially produced with components / ingredients that are manufactured, grown and/or sourced from outside of the United States.

22.    Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the similar labels were prominently placed on all Class Products that were sold and/or are currently sold to consumers throughout the United States, including within California.

23.    Federal law regarding the use of "Made in the United States" claims with respect to products and services is well established and well defined. Specifically, the Made in USA Labeling rule clearly defines the meaning of "Made in the United

States," including synonymous phrases,[1] as well as when it can be used without clear and adequate qualification notifying consumers that the good or service in question contains or is made with ingredients or components that are not made or sourced in the United States.[2]

24.    As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers purchased Defendant's Class Products under the false impression and in reliance upon Defendant's express representations that the Class Products were actually made in the United States with ingredients and components sourced from within the United States.

25.    As a result, Plaintiff and other similarly situated consumers overpaid for the Defendant's Class Products, purchased the Class Products over the products of competitors, and/or purchased the Class Products under the belief that the product they purchased was made in the United States and did not contain key ingredients (such as, for instance, cassava, plantains, black pepper, and turmeric) from outside the United States.

26.    Despite the clearly established and well-defined federal rules regarding U.S. origin or "Made in the United States" claims, Defendant falsely, unfairly and

---

[1] *See* 16 C.F.R. § 323.1(a) ("The term *Made in the United States* means any **unqualified representation**, **express or implied**, that a product or service, or a specified component thereof, is of U.S. origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "***produced,***" "created," or "crafted" **in the United States or in America**, or any other unqualified U.S.-origin claim.") (emphasis added).

[2] *See* 16 C.F.R. § 323.2 Prohibited Acts ("In connection with promoting or offering for sale any good or service, in or affecting commerce as "commerce" is defined in section 4 of the Federal Trade Commission Act, 15 U.S.C. 44, *it is an unfair or deceptive act or practice* within the meaning of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), ***to label any product as Made in the United States unless*** the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and ***all or virtually all ingredients or components of the product are made and sourced in the United States***. (emphasis added).

deceptively advertised, marketed and sold the Class Products, including the Product purchased by Plaintiff, as being "Product[s] of [the] USA" without clear and adequate qualification informing consumers of the presence of foreign ingredients and/or components as further discussed herein.

27.    Had Plaintiff and other consumers similarly situated been made aware that Defendant's Class Products contained a substantial amount of ingredients sourced from outside of the United States, they would not have purchased the Class Products.

28.    As a result of Defendant's false or misleading statements and/or failure to disclose the true nature of its Class Products, as well as Defendant's other conduct described herein, Plaintiff and other similar situated consumers purchased at least tens of thousands of units of Defendant's Class Products within California and throughout the United States and have suffered, and continue to suffer, harm, including the loss of money and/or property.

29.    Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

30.    This action seeks, among other things equitable and injunctive relief; public injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

31.    Unless enjoined, Defendant's unfair and unlawful conduct will continue into the future, and Plaintiff and class members will continue to suffer harm.

### FACTUAL ALLEGATIONS

32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

33.    The Defendant markets and advertises various Class Products, including the Product purchased by the Plaintiff, being as "Product[s] of [the] USA" or similar claims synonymous with "Made in USA," without clear and adequate qualification.

34.    This representation is displayed prominently on the packaging and

advertising of numerous products sold by and under the Goya brand.

35.    Below are non-exhaustive examples of these representations on the packaging of the Class Products:








36.     These representations (or substantially similar representations) are displayed conspicuously on the packaging of each of Defendant's Class Products.

37.     "Product of USA", and any derivative of, conveys important information to consumers regarding the quality, characteristics and origin of all the components of consumer products.

38.     Specifically, the term "Product of USA" conveys to a reasonable consumer (such as Plaintiff) that Goya's Class Products, including the Product, are made *entirely* in the United States and made of ingredients and components *from* the United States.

39.     Contrary to its "Product of USA" representation, the Class Products produced, distributed, and sold by Goya contain or are made with components or ingredients that are not from the United States.

40.     As a result of the unqualified U.S. origin representations on the Class Products' packaging, consumers have been misled for years, resulting in initial and repeat purchase of products they thought were indeed made in the United States with ingredients and components from the United States.

41.     Despite the clear representation that the Class Products were "Product[s] of [the] USA" upon information and belief, the Class Products consist of foreign components (not found domestically), which is not properly disclosed on the label of the Class Products as required by the MUSA Rule and California laws.

42.     The offending Class Products purchased by Plaintiff, and others similarly situated, contain foreign ingredients and are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "Product of USA" (or similar words) representations.

43.     For example, Goya's Yuca Cassava Chips (the Product purchased by Plaintiff) are made from cassava,[3] which is not from the United States, yet the

---

[3] *See* https://www.fao.org/faostat/en/#data/QCL/visualize (Select Item: Cassava,

KAZEROUNI
LAW GROUP, APC

packaging clearly states: "Product of USA."

44.    In addition, Goya's Plantain Chips Original prominently and clearly state "Product of USA" on the back panel of the product, yet it contains plantains,[4] which are not from the United States.

45.    Goya's "Product of USA" misrepresentations are not limited to their chips. In fact, one of Goya's most popular product lines–its spices and seasonings–are also falsely labeled with "Product of USA" misrepresentations. For example, Goya's Adobo seasoning is clearly labeled as "Product of USA" even though it contains foreign ingredients including, but not limited to, black pepper[5] and turmeric.[6]

46.    Similarly, Goya's Sazonador Total seasoning is labeled as "Product of USA," yet it contains foreign black pepper and cumin,[7] among other foreign ingredients.

47.    Goya's misrepresentations extend to other products lines as well.

48.    As an example, Goya's Sofrito cooking sauce also prominently and clearly states "Product of USA" on the back panel of the product, yet it contains black pepper which, along with other foreign ingredients, is not from the United States.

49.    By failing to disclose the use of foreign ingredients and components, Goya

---

fresh. According to the Food and Agriculture Organization of the United Nations, cassava is not produced in commercial quantities in the United States.)

[4] *See* https://www.fao.org/faostat/en/#data/QCL/visualize (Select Item: Plantains and cooking bananas. According to the Food and Agriculture Organization of the United Nations, plantain is not produced in commercial quantities in the United States.)

[5] *See* https://www.fao.org/faostat/en/#data/QCL/visualize (Select Item: Pepper (Piper spp.), raw. According to the Food and Agriculture Organization of the United Nations, pepper is not produced in commercial quantities in the United States.)

[6] *See* https://world-crops.com/turmeric/ (Distribution: "Turmeric is cultivated in India, Sri Lanka, Indonesia, China, Taiwan, Peru, Haiti, and Jamaica. The largest exporter is India.")

[7] *See* https://www.fao.org/faostat/en/#data/QCL/visualize (Select Item: Anise, badian, coriander, cumin, caraway, fennel and juniper berries, raw. According to the Food and Agriculture Organization of the United Nations, cumin is not produced in commercial quantities in the United States.)

---

has unfairly and deceptively misrepresented the offending Class Products as being of purely U.S. origin.

50.     Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

51.     Most consumers have limited awareness that products—along with their ingredients and components—labeled as made in the United States may, in fact, contain ingredients or components sourced, grown, or manufactured in foreign countries. This is a material factor in many purchasing decisions, as consumers believe they are buying superior goods while supporting American companies and jobs.

52.     Consumers generally believe that U.S. origin products are of higher quality than their foreign counterparts.

53.     On information and belief, Defendant either charged a premium for its Class Products compared to its competitors or gained a competitive advantage by having its Class Products chosen over others based on unqualified, unfair and deceptive "Product of USA" representations or similar claims. Federal rules and California laws are designed to protect consumers from such false representations and predatory conduct.

### FACTS SPECIFIC TO PLAINTIFF NYREE SEPIAN

54.     On or about January 25, 2024, Plaintiff searched the internet from her home located in Northridge, California looking to purchase a food product from Amazon.

55.     While viewing the various snack options advertised on Amazon, Plaintiff saw the Product advertised for sale online.

56.     The Product's advertisement on Amazon displayed a picture of the front, side and back of the external packaging.

57.     Viewable from the online photo of the back side of the packaging of the Product on Amazon was the representation "PRODUCT OF USA."

58.     Relying on these representations, as any reasonable consumer would, and

desiring to purchase a product that was made in the United States with ingredients from the United States, particularly since it is a food product for ingestion, Plaintiff purchased the Goya cassava chip product for her personal use for approximately $8.25, excluding shipping and taxes, through Amazon.

59.    Plaintiff relied on Goya's unqualified U.S. origin representations when she purchased the Product as the packaging was in clear view and easily viewable during her online purchase.

60.    Plaintiff's reliance on Defendant's unqualified U.S. origin representations was reasonable, as consumers are accustomed to seeing disclosures such as "Made in USA with globally sourced ingredients" or similar variations on product packaging—when such claims are made.

61.    When consumers encounter an unqualified U.S. origin claim, they reasonably assume that the product contains no foreign-sourced ingredients or components.

62.    The Product purchased by Plaintiff contains cassava, which is not from the United States.

63.    Defendant's representations concerning the Class Products were untrue and/or deceptive and misleading because the Class Products actually were made with and/or contained components sourced, grown or made outside of the United States.

64.    Accordingly, Defendants are not entitled to lawfully make representations that the Class Products are were "Product[s] of [the] USA."

65.    Such representation that the Product was of U.S. origin, without qualification, was material to Plaintiff in making her decision to purchase the Product.

66.    Plaintiff relied on Defendant's marketing and product labeling when deciding to purchase the Product. Defendant and/or its agents prepared, approved, and disseminated these materials through the Class Products' packaging, which contained the misrepresentations alleged herein.

67.    Had Plaintiff been made aware that the Product was not actually a "Product

of [the] USA," she would not have purchased the Product.

68.    In other words, Plaintiff would not have purchased Defendant's Product, but for the "Product of [the] USA," designation set forth on the packaging and elsewhere.

69.    As a result, Plaintiff was harmed because Plaintiff's money was taken by Defendant as a result of Defendant's false "Product of [the] USA" designation set forth on Defendant's Class Products and elsewhere.

70.    In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Defendant's "Product of [the] USA" representation in their purchasing decision, which is typical of most U.S. consumers.

71.    Consequently, Plaintiff and other similar situated consumers were deceived as a result of Defendant's actions.

72.    Plaintiff believed at the time she purchased the Product that it was of superior quality, and that she was supporting U.S. jobs and the U.S. economy, supporting ethical working conditions, and also buying U.S. quality ingredients as opposed to ingredients sourced, grown or made outside of the United States.

73.    Ingredients and components grown or manufactured in the USA are subject to strict regulatory requirements, including but not limited to agricultural, environmental, labor, safety, ethical and quality standards.

74.    Foreign sourced, grown, or manufactured ingredients and components are not subject to the same U.S. standards and may pose greater risks to consumers, the environment, and the U.S. economy. This concern is especially significant for products intended for human consumption.

75.    Additionally, foreign sourced, grown or manufactured ingredients and components are also generally of lower quality than their U.S. origin counterparts, and routinely less reliable and of less quality than their U.S. origin counterparts.

76.    The false, misleading or deceptive representations that the Class Products are "Product[s] of [the] USA," reduces overall customer satisfaction compared to if

they were genuinely of U.S. origin using ingredients and components sourced, grown, or made domestically.

77.    On information and belief, Defendant's Class Products contain foreign ingredients, including the Product purchased by Plaintiff, that are not worth the purchase price paid by Plaintiff and putative Class members.

78.    The precise amount of damages will be proven at the time of trial.

79.    Plaintiff and Class members were harmed as a result of Defendant's false, or misleading "Product[s] of [the] USA," representations alleged herein.

80.    This false and misleading advertising of the Class Products by Defendant presents a continuing threat to consumers, as Defendant's conduct is ongoing to this day.

CLASS ALLEGATIONS

81.    Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

82.    Plaintiff is a member of and seeks to represent a Class, pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2) and 23(b)(3), defined as:

> All persons within California who, within the four years prior to the filing of this Complaint, purchased one or more of Defendant's Class Products bearing the representation "Product of USA" (or similar language) on the product, its packaging or marketing, when such products were made with or contained ingredients or components that were not grown or manufactured in the USA.

83.    Excluded from the Class are Defendant's officers, directors, and employees; any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Further excluded from the Class are members of the judiciary to whom this case is assigned, their families, and members of their staff.

84.    Plaintiff reserves the right to modify the proposed Class definition, including but not limited to expanding the Class to protect additional individuals and to assert additional sub-classes as warranted by additional investigation.

85.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all of them is impracticable. While the exact number of members of the Class is unknown to Plaintiff at this time, based on information and belief, the Class consists of thousands of individuals within California.

86.    <u>Commonality</u>: There are questions of law and fact common to the Class, which predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

- The nature, scope, and operations of the wrongful practices of Defendant;

- Whether Defendant's Class Products are or have been represented with the "Product of USA" designation (or some derivative thereof);

- Whether Defendant negligently or intentionally misrepresented and/or omitted the fact that the Class Products purchased by Plaintiff and members of the Class are illegally sold within California;

- Whether Defendant knew or should have known that its business practices were unfair and/or unlawful;

- Whether the conduct of Defendant violated the CLRA;

- Whether the conduct of Defendant violated the FAL;

- Whether the conduct of Defendant was "unlawful" as that term is defined in the UCL;

- Whether the conduct of Defendant was "unfair" as that term is defined in the UCL;

- Whether the conduct of Defendant was "fraudulent" as that term is defined in the UCL;

- Whether the conduct of Defendant was "deceptive, untrue or misleading" as those terms are defined in the UCL;

- Whether Defendant was unjustly enriched by its unlawful and unfair business practices;

- Whether Plaintiff and members of the Class suffered monetary damages as a result of Defendant's conduct and, if so, the appropriate amount of damages; and

- Whether Plaintiff and members of the Class are entitled to injunctive relief, including public injunctive relief.

87.    <u>Typicality</u>: Plaintiff's claims are typical of those of the Class. Plaintiff and all members of the Class have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same course of conduct that gave rise to the claims of the Class and are based on the same legal theories in that Plaintiff purchased one or more Class Products from Defendant that was represented and/or advertised as being a "Product of USA," (or similar language).

88.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of members of the Class. Plaintiff's Counsel are competent and experienced in litigating consumer class actions. Plaintiff has retained counsel experienced in consumer protection law, including complex class action litigation involving unfair business practices. Plaintiff has no adverse or antagonistic interests to those of the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

89.    <u>Predominance</u>: Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class, in that Plaintiff and members of the Class were induced to purchase the Class Products. The common issues arising from Defendant's conduct affecting members of the Class set out above predominate over any individual issues. Adjudication of these common issues in a single action has

important and desirable advantages of judicial economy.

90.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most members of the Class would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy.

91.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

92.    Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein.

93.    Unless a class-wide injunction is issued, Defendant will also likely continue to advertise, market, promote and package Defendant's Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

94.    Defendant has acted on grounds that apply generally to the Class, so that Class certification is appropriate.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**(Cal. Civ. Code § 1750, *et seq*.)**

95.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

96.    California Civil Code Section 1750, *et seq.,* entitled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."

97.    The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia,* that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protections.

98.    Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA because they extend to transactions that intended to result, or which have resulted in the sale of goods to consumers.

99.    Plaintiff and the Class Members are not sophisticated experts with independent knowledge of ingredient sourcing, product labeling and marketing practices.

100.    Plaintiff and the Class Members are California consumers who purchased Class Products for personal, family or household purposes.

101.    Defendant is a "person" as defined by Cal. Civ. Code § 1761(c).

102.    The Class Products that Plaintiff and other Class members purchased from Defendants constitute "goods" as defined pursuant to Civil Code Section 1761(a).

103.    Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

104.    Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "transaction" as defined pursuant to Civil Code Section 1761(e).

105.    Civil Code Section 1770(a)(2), (4), (5), (7) and (9) of the CLRA provides that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale

or lease of goods or services to any consumer are unlawful:

(2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;

(4) [u]sing deceptive representations or designations of geographic origin in connection with goods or services;

(5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

(7) [r]epresenting that goods or services are of a particular standard, quality, or grade…; [and]

(9) [a]dvertising goods or services with intent not to sell them as advertised.

106.   Defendant failed to comply with Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its Class Products are "Product[s] of [the] USA" when in fact they actually contain foreign sourced, grown or made ingredients and/or components.

107.   Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

108.   Defendant knew or should have known that its representations about the Class Products as described herein violated federal rules and state laws, including consumer protection laws, and that these statements would be relied upon by Plaintiff and Class members.

109.   As a direct and proximate result of Defendant's violations of Cal. Civ. Code §§ 1750, *et seq.*, Plaintiff and each Class member have suffered harm by paying money to Defendant for the Class Products, which they would not have purchased had they known the products were illegally, unfairly, and deceptively labeled and contained foreign ingredients.

110.   Plaintiff and the Class suffered monetary harm caused by Defendant because (a) they would not have purchased the Class Products on the same terms absent Defendant's illegal, unfair and deceptive conduct as set forth herein; (b) they paid a price premium for the Class Products or chose them over competing products due to Defendant's misrepresentations and deceptive packaging, which falsely claimed the Class Products were "Product[s] of [the] USA"; and (c) the Class Products contained foreign ingredients that were not properly disclosed.

111.   Plaintiff was therefore harmed because Plaintiff's money was taken by Defendant as a result of Defendant's unqualified, unfair and deceptive "Product of USA" representations set forth on online and on the labels of the Class Products.

112.   Plaintiff and Class members reasonably relied upon Defendant's representations regarding the Class Products, and Plaintiff and the Class reasonably expected that the Class Products would not be illegally labeled in a unfair, deceptive and misleading manner.

113.   Thus, Plaintiff and the Class reasonably relied to their detriment on Defendant's misleading representations.

114.   Pursuant to California Civil Code § 1782(a), on or about February 22, 2024, Plaintiff sent Defendant a notice and demand for corrective action ("CLRA Demand"), via Certified Mail, advising Goya of its violations of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. Goya failed to respond to the Demand or otherwise take the requested corrective action.

115.   As the alleged violations were not cured by Goya within 30 days of the CLRA Demand, Plaintiff, on behalf of herself and the Class, also seeks damages and attorneys' fees pursuant to California Civil Code § 1782(d).

116.   As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

117.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the putative Class are entitled to, and seek injunctive relief prohibiting such conduct in the future as well as damages.

118.    Attached hereto as **Exhibit A** is a sworn declaration from Plaintiff pursuant to Cal. Civ. Code § 1780(d).

## SECOND CAUSE OF ACTION
### VIOLATIONS CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

119.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

120.    Plaintiff brings this claim individually and on behalf of the Class for Defendants' violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

121.    Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201.

122.    California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

123.    "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."

124.    The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

125.    By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code § 17200, *et seq.*

## A. *"Unlawful" Prong*

126.   Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 *et seq.*

127.   Defendant is alleged to have violated California law because the Class Products are advertised and labeled as being "Product[s] of [the] USA" when in fact they contain foreign ingredients.

128.   Specifically, by manufacturing, distributing, and/or marketing Defendant's Class Products with unqualified, unfair and deceptive U.S. origin claims, Defendant violates, at a minimum, the CLRA, FAL, California's Made in the USA Statute, Bus. & Prof. Code §§ 17533.7; and/or the federal Made in USA Labeling Rule, 16 C.F.R. Part 323. Defendant falsely represents that Class Products are "Product[s] of [the] USA" without clear and adequate qualification, despite the fact that they contain foreign sourced, grown or manufactured ingredients and/or components.

129.   Defendant has other reasonably available alternatives to further its business interests, other than the unlawful conduct described herein, such as appropriately labeling its Class Products with clearly and adequately qualified U.S. origin claims.

130.   Instead, Defendant deliberately and illegally misled consumers for Defendant's own economic gain.

131.   Plaintiff and Class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

## B. *"Unfair" Prong*

132.   Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200, *et seq.*

133.   Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging conduct and practices that threaten

an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's products with unqualified, unfair and deceptive U.S. origin claims, in violation of the CLRA and federal and state "Made in the USA" statutes.

134.   Additionally, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, or unscrupulous, the utility of such conduct, if any, being outweighed by the alleged harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Defendant's Class Products with unqualified, unfair and deceptive U.S. origin claims.

135.   Defendant also engaged in a pattern of "unfair" business practices that violate the wording and intent of the above mentioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Defendant's products with unqualified, unfair and deceptive U.S. origin claims, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not one that consumers could have reasonably avoided themselves.

136.   Without limitation, Defendant's knowing mislabeling of the Class Products constitutes an unfair and deceptive business act or practice, leading consumers to believe they are purchasing a product of United States origin, without foreign ingredients. Plaintiff could not have reasonably avoided the resulting injury.

137.   Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.

### C. *"Fraudulent" Prong*

138.   Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiff and the Class to believe that the Class Products and/or all its ingredients were of United States origin.

139.   Particularly, the Class Products, including the Product purchased by Plaintiff

on January 25, 2024 from Amazon, state the products are "Product[s] of [the] USA" or similar claims synonymous with "Made in USA," without clear and adequate qualification.

140.   Relying on the unqualified "Product of USA" language found on the Product's label, Plaintiff purchased the Product.

141.   Like Plaintiff, Class members purchased the Class Products in reliance on the unqualified "Product of USA" or similar language found on the Class Products' labels.

142.   Plaintiff and the Class are not sophisticated experts in ingredient sourcing, product labeling, or marketing practices of the Class Products.

143.   They acted reasonably in purchasing the Class Products based on their belief that Defendant's unqualified representations were truthful and lawful.

144.   Plaintiff reserves the right to allege additional conduct that constitutes further fraudulent business acts or practices.

### D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

145.   Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's Class Products are "Product[s] of [the] USA" without clear and adequate qualification, despite the fact that they contain foreign sourced, grown or manufactured ingredients and/or components.

146.   Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products are actually of U.S. origin.

147.   Additionally, Defendant's advertising is unfair, deceptive, untrue, and misleading, as it leads consumers to believe that the Class Products are "Product[s] of [the] USA," despite containing foreign-sourced, grown, and/or manufactured ingredients and/or components.

148.    Plaintiff, as a reasonable consumer, and the public would likely be, and in fact were, deceived and misled by Defendant's labeling and marketing. They would, and did, interpret Defendant's unqualified representations according to their ordinary meaning—that the products are of U.S. origin that are not made with foreign foreign-sourced, grown, and/or manufactured ingredients and/or components.

149.    Plaintiff reserves the right to allege additional conduct that constitutes further unfair, deceptive, untrue or misleading advertising.

150.    Plaintiff and the Class lost money or property as a result of Defendant's UCL violations because, at a minimum: (a) they would not have purchased the Class Products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Class Products due to Defendant's alleged misrepresentations; and (c) the Class Products did not have the U.S. sourced ingredients and components as represented.

151.    Defendant's alleged unlawful and unfair business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the Plaintiff, the Class, and the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

152.    Such acts and omissions by Defendant are unlawful and/or unfair and constitute a violation of Business & Professions Code §§ 17200, *et seq*.  Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

153.    As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

154.   As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on its representations.

155.   Plaintiff was harmed because Plaintiff's money was taken by Defendant as a result of Defendant's misleading representations set forth on the Class Products.

156.   The conduct of Defendant as set forth above demonstrates the necessity for granting injunctive relief restraining such and similar acts of unfair competition pursuant to California Business and Professions Code.

157.   Unless enjoined and restrained by order of the court, Defendant will retain the ability to, and may engage in, said acts of unfair competition, and misleading advertising. As a result, Plaintiff and the Class are entitled to injunctive and monetary relief.

158.   Plaintiff desires to purchase a Class Product again but cannot be certain that she will not be misled in the future unless and until Defendant implements the appropriate changes to its Class Products' labeling and marketing as requested herein.

159.   Pursuant to Bus. and Prof. Code § 17203, Plaintiff and the proposed Class are entitled to, and hereby seek, injunctive relief to prevent Defendant from continuing the conduct in question.

160.   Additionally, Plaintiff seeks public injunctive relief regarding Defendant's marketing and sale of Class Products represented as "Product of USA" without clear and adequate qualification.

161.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

//

//

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**(Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**

162.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

163.    California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, states that "[i]t is unlawful for any ... corporation ... with intent … to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

164.    Defendant's material misrepresentations and omissions alleged herein violate Bus. & Prof. Code § 17500, *et seq*. Defendant knew or should have known that its misrepresentations and omissions were false, unfair, deceptive, and misleading, including that the Class Products contained ingredients and components that were not grown or made in the United States.

165.    Plaintiff and the Class suffered tangible, concrete injuries in fact as a result of Defendant's actions as set forth herein because they purchased the Class Products in reliance on Defendant's representations that the Class Products are of U.S. origin including domestic ingredients and components.

166.    As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and members of the Class are entitled to injunctive and equitable relief and restitution.

167.    Further, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations and additionally request an order

awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

168.   Additionally, Plaintiff seeks an order requiring Defendant to pay attorneys' fees and costs pursuant to, *inter alia*, Cal. Civ. Proc. Code § 1021.5.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty

169.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

170.   From an unknown date until the filing of this Complaint, Defendant represented to Plaintiff and similarly situated individuals, through product packaging and marketing materials, that the Class Products were "Product[s] of USA" without any qualification.

171.   Defendant's representations regarding the Class Products' unqualified U.S. origin constitute affirmations of fact.

172.   Defendant's explicit claim that the Class Products are "Product[s] of USA" pertains directly to the nature, ingredients and composition of the products, forming a fundamental part of the bargain between Defendant and purchasers.

173.   Defendant's statements—featured prominently on the Class Products' labels and in marketing materials—constitute an express warranty regarding the products' U.S. origin, including their ingredients.

174.   Relying on these express warranties, Plaintiff and Class members purchased the Class Products, believing they were entirely grown and made in the United States without foreign sourced, grown or made ingredients and/or components.

175.   Defendant breached its express warranties because the Class Products contained foreign sourced, grown or made ingredients and/or components, which were not disclosed with any qualification, contradicting Defendant's representations of an unqualified U.S. origin.

176.    As a result of Defendant's breach, Plaintiff and Class members suffered harm and are entitled to recover either the full purchase price of the Class Products or the difference between their actual value and the value they would have held if they were truly of United States origin including domestic ingredients and components.

177.    Plaintiff and Class members did not receive the benefit of their bargain and sustained additional injuries as alleged herein.

178.    Had Plaintiff and Class members known that the Class Products were not genuinely of U.S. origin including domestic ingredients and components, they either would not have purchased the Class Products or would not have paid the price Defendant charged.

179.    Defendant's misrepresentation was a substantial factor in causing Plaintiff and the Class economic harm.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**

180.    Plaintiff pleads this unjust enrichment cause of action in the alternative to any contract-based claims.

181.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

182.    Under California law, the elements of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another.

183.    Plaintiff and members of the Class conferred non-gratuitous benefits upon Defendant by exchanging payment for a Class Product that Defendant represented as being of U.S. origin without qualification of the foreign ingredients contained therein.

184.    Plaintiff and members of the Class allege that Defendant owes them money for the conduct alleged herein that was unjustly obtained.

185.   An undue advantage was taken from Plaintiff's and members of the Class's lack of knowledge of the deception, whereby money was extracted to which Defendant had no legal right.

186.   Defendant is therefore indebted to Plaintiff and members of the Class in a sum certain, specifically the amount of money each of them paid for the Class Products, which Defendant in equity and good conscience should not retain.

187.   Defendant is therefore liable to Plaintiff and members of the Class in the amount unjustly enriched.

188.   Defendant's retention of any benefit collected directly and indirectly from Plaintiff and members of the Class violates principles of justice, equity, and good conscience.

189.   As a result, Defendant has been and continues to be unjustly enriched.

190.   Plaintiff and the Class are entitled to recover from Defendant all amounts that Defendant has wrongfully and improperly obtained, and Defendant should be required to disgorge to Plaintiff and members of the Class the benefits it has unjustly obtained.

191.   Defendant accepted or retained such benefits with knowledge that the rights of Plaintiff and members of the Class were being violated for financial gain. Defendant has been unjustly enriched in retaining the revenues and profits from Plaintiff and members of the Class, which retention under these circumstances is unjust and inequitable.

192.   As a direct and proximate result of Defendant's unlawful practices and retention of the monies paid by Plaintiff and members of the Class, Plaintiff and the Class have all suffered concrete harm and injury.

193.   Defendant's retention of the non-gratuitous benefits on them by Plaintiff and members of the Class would be unjust and inequitable.

194.  Plaintiff and members of the Class are entitled to seek disgorgement and restitution of wrongful profits, revenue, and benefits conferred upon Defendant in a manner established by this Court.

### SIXTH CAUSE OF ACTION
### Negligent Misrepresentation

195.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein, and further alleges as follows:

196.  Defendant has represented to the public, including Plaintiff and the Class, through its marketing, advertising, labeling, and other means, that the Class Products are "Product[s] of USA" or a derivative thereof, without qualification. This representation is misleading when a substantial portion of the ingredients are sourced from outside the United States.

197.  Plaintiff alleges that Defendant made the representations discussed herein with the intent to induce the public, including Plaintiffs and the putative Class members, to purchase the Class Products.

198.  Plaintiff and other similarly situated persons, saw, believed, and relied upon Defendant's advertising representations, and purchased Defendant's Class Products as a result of such reliance.

199.  At all times relevant, Defendant made such representations alleged herein when Defendant knew or should have known such representations were inaccurate and misleading.

200.  As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and similarly situated consumers were induced to purchase Defendant's Products, purchase more of them, pay a higher price, or choose them over competitors' products.

201.  These unlawful, unfair, and deceptive acts caused damages in an amount to be determined at trial during the Class Period.

1

## SEVENTH CAUSE OF ACTION
### Intentional Misrepresentation

2

202.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of

3

this Complaint as though fully set forth herein, and further alleges as follows:

4

203.    Beginning at a date currently unknown and continuing to the time of the filing

5

of this Complaint, Defendant knowingly represented to Plaintiff and others

6

similarly situated, through product labeling and marketing practices, that the Class

7

Products were of U.S. origin, or a derivative thereof, without qualification of

8

foreign ingredients.

9

204.    Defendant acted intentionally by willfully and purposefully printing

10

unqualified U.S. origin representations on the labels of the Class Products,

11

including those sold on Amazon.

12

205.    However, as described above, the unqualified representations of "Product of

13

USA" are false, unfair, deceptive and/or misleading.

14

206.    Defendant knew such representations were false and continued over a period

15

of years to label the Class Products as "Product of USA", or a derivative thereof,

16

without qualification of foreign ingredients.

17

207.    Defendant also knew that third-party retailers were advertising the Class

18

Products in false, unfair, deceptive, and/or misleading ways, as Defendant designed,

19

manufactured, and affixed the product labeling to the Class Products before

20

supplying them to the retailers.

21

208.    Plaintiff and the putative Class members saw, believed, and relied upon

22

Defendant's representations in making the decision to purchase the Class Products.

23

209.    As a proximate result of Defendant's intentional misrepresentations, Plaintiff

24

and the putative Class members were damaged in an amount to be determined at

25

trial.

26

210.    By engaging in the acts described above, Plaintiff and the putative Class are

27

therefore entitled to recover exemplary or punitive damages.

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows, seeking equitable relief in the alternative to legal relief:

- Certification of this action as a class action;

- Appointment of Plaintiff as Class Representative;

- Appointment of Plaintiff's attorneys as Class Counsel;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- An Order declaring that Defendant's conduct violated the CLRA, California Civil Code §§ 1750, *et seq.*, and awarding injunctive relief pursuant to Cal. Civ. Code § 1780(a) and (b);

- An Order declaring that Defendant's conduct violated California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*; and awarding injunctive relief pursuant to Bus. & Prof. Code § 17203;

- An Order requiring Defendant to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

- An Order requiring the imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains, compelling Defendant to pay restitution to Plaintiff and all members of the Class, and to restore to Plaintiff and Class members all funds acquired through any act or practice declared by this Court to be unlawful, fraudulent, unfair, or deceptive; in violation of laws, statutes, or regulations; or constituting unfair competition, along with pre- and post-judgment interest thereon;

- For pre and post-judgment interest on all amounts awarded;

- For an order of restitution and all other forms of equitable monetary relief, as pleaded, including awarding such relief pursuant to Bus. & Prof. Code § 17535; and/or Bus. & Prof. Code § 17203;

- Actual damages under California Civil Code § 1780(a);

- For public injunctive relief as pleaded or as the Court may deem proper;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- Punitive damages including under California Civil Code § 1780(a) and/or Cal. Civ. Code § 3294;
- General and compensatory damages in an amount to be determined at trial;
- That Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and California Civil Code § 1780; and
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

211. Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Dated: February 21, 2025                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By: _/s/ *Abbas Kazerounian, Esq.*
                                        Abbas Kazerounian, Esq.
                                        *ATTORNEYS FOR PLAINTIFF*